# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LUCAS MYHRE GONYIER, | ) | Bankruptcy No. 21-00617 |
| | ) | |
| Debtor. | ) | |
| ------------------------------------------------------- | ) | |
| SHERYL SCHNITTJER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 21-09029 |
| | ) | |
| ANITA ODOBASIC GONYIER, | ) | |
| LUCAS MYHRE GONYIER, | ) | |
| | ) | |
| Defendants. | ) | |

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

These cross motions for summary judgment came before the Court by telephonic hearing on March 25, 2022. Eric Lam appeared for Plaintiff Sheryl Schnittjer ("Plaintiff"). Dustin Baker appeared for Defendants Anita Gonyier and Lucas Gonyier ("Defendants"). The Court took the matter under advisement on the previously submitted record. This is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

## STATEMENT OF THE CASE

Plaintiff, the Chapter 7 Trustee, alleges that Lucas Gonyier ("Debtor/Defendant") fraudulently conveyed the deed to his house to his wife, the co-Defendant in this case. Plaintiff alleges the transfer constitutes actual fraud under 11 U.S.C. § 548(a)(1)(A). Plaintiff argues that under the undisputed facts here, the following badges of fraud apply: (1) insolvency at the time of transfer; (2) a transfer between insiders; (3) a transfer for insufficient consideration; and (4) concealment of the transfer in Debtor/Defendant's bankruptcy filing. Plaintiff argues, in the alternative, that the undisputed material facts also show constructive fraud under 11 U.S.C. § 548(a)(1)(B) because Debtor/Defendant received less than a reasonably equivalent value for the exchange and he was insolvent when the transfer occurred. Plaintiff asserts summary judgment is on either or both of these grounds.

Defendants filed their own Motion for Summary Judgment. Defendants argue that the transfer was done exclusively for the purpose of refinancing their mortgage. Defendants assert that Debtor/Defendant is self-employed, and his mortgage lender would not agree to refinance his payments but would agree to refinance the loan if the deed was in Mrs. Gonyier's name. Defendants thus contend that no actual fraud exists. Defendants also argue there was no constructive fraud because no reasonably equivalent value is needed for a transfer

2

of marital property between spouses. Defendants also argue that the transfer of the deed was in the ordinary course of their business and, as such, no constructive fraud may be imputed. For the following reasons, the Court finds that Plaintiff's Motion for Summary Judgment should be granted, and Defendants' Motion for Summary Judgment should be denied.

## BACKGROUND

Mrs. Gonyier was not a party to her husband's bankruptcy filing. In his petition, Debtor/Defendant reported that he and his wife jointly issued a deed of trust to Mrs. Gonyier individually. Debtor/Defendant essentially removed himself from the title for consideration of ten dollars. (ECF Doc. 1, Exhibit 901; ECF Doc. 4). Debtor/Defendant was insolvent at the time of the execution of this deed. (ECF Docs. 1, 4). As spouses, the transfer of the deed was between insiders. (Id.). Debtor/Defendant claims the transfer was in the ordinary course of his business or financial affairs. (Bankr. ECF Doc. 1). The deed was transferred on May 5, 2020, within two years of the bankruptcy filing. (ECF Doc. 1, Exhibit 901).

Plaintiff filed this adversary Complaint to Void Transfer of the deed on November 19, 2021. (ECF Doc. 1). Defendants resisted Plaintiff's Motion for Summary Judgment and filed their own cross-Motion for Summary Judgment. Defendants argue that no actual fraud exists because they transferred the deed with the purpose of refinancing their mortgage, not with the purpose of defrauding their

3

creditors. Defendants also argue there is no constructive fraud. They assert this was a transfer between spouses and no reasonably equivalent value needed to be exchanged. Defendants also argue that the transfer was done in their ordinary course of business.

The Court held a telephonic hearing on the cross motions on March 25, 2022. In addition to arguments made previously, Plaintiff argued that Defendants had introduced no evidence to support their assertion that the deed transfer was done with the intent to obtain refinancing on their mortgage. The Court ordered Defendants to introduce an affidavit from their mortgage lender corroborating their explanation for the deed transfer within seven days of the telephonic hearing. (ECF Doc. 21). On April 1, 2022, Defendants filed a Notice stating that "Green State Credit Union[] is unwilling to provide any affidavits regarding its lending requirements," but Defendants continued to maintain that they had no actual intent to defraud their creditors through the deed transfer. (ECF Doc. 23).

## DISCUSSION

Federal Rule of Bankruptcy Procedure 7056 incorporates Federal Rule of Civil Procedure 56 for use in adversary proceedings. Rule 56 provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

4

Fed. R. Civ. Pro. 56(a).  Rule 56 further provides that assertions of the existence or absence of a genuine dispute of a material fact must be supported by either:

> (A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Id. 56(c)(1).  If the nonmoving party shows that it cannot present facts essential to justify its opposition, a court may either (1) defer or deny the motion; (2) allow additional time for discovery; or (3) issue any other appropriate order.  Id. 56(d).  If a party fails to properly support or address a fact, a court may grant summary judgment to the moving party if the motion and undisputed material facts support such a finding.  Id. 56(e).

**I. Defendants Have Insufficiently Resisted Plaintiff's Motion**

"Once the movant has supported the motion [for summary judgment], the non-moving party 'must affirmatively show that a material issue of fact remains in dispute and may not simply rest on the hope of discrediting the movant's evidence at trial.'"  In re Houston, 385 B.R. 268, 271 (Bankr. N.D. Iowa 2008) (quoting Barge v. Anheuser-Busch, 87 F.3d 256, 260 (8th Cir. 1996)).  Rule 56(e) requires a party resisting summary judgment to point to specific facts in the record showing that a genuine issue warrants a trial.  G.E. Cap. Corp. v. Com. Servs. Grp., Inc.,

5

485 F.Supp.2d 1015, 1022 (N.D. Iowa 2007); see also In re Carbone, 615 B.R. 76, 79 (Bankr. E.D. Pa. 2020) ("If the nonmoving party fails to adduce sufficient evidence in connection with an essential element of the case for which it bears the burden of proof at trial, the moving party is entitled to entry of summary judgment in its favor as a matter of law.") (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 324 (1986)).

Defendants failed to produce evidence supporting their objection that the deed transfer was done for the purpose of refinancing their mortgage. Thus, Defendants cannot produce evidence sufficient to support a finding of a genuine dispute of material fact on the actual fraud issue. Defendants' bold assertion with no support in the factual record that the deed transfer was effectuated for the purpose of refinancing their mortgage cannot be considered in defense of Plaintiff's Motion. In re Paul, 488 B.R. 104, 106 n.7 (B.A.P. 8th Cir. 2013) (citing Brunsting v. Lutsen Mountains Corp., 601 F.3d 813, 820 (8th Cir. 2010)); Johnson v. Gen. Am. Life Ins. Co., No. 18-CV-1668, 2020 WL 1169406, at *4 (D. Minn. Mar. 11, 2020) ("Inadmissible hearsay evidence cannot be considered at the summary judgment stage.") (quoting Brunsting, 601 F.3d at 817).

Rule 56(d) permits a court to defer or deny a motion for summary judgment or allow the nonmoving party more time to procure evidence illustrating a genuine issue for trial. Defendants were given that opportunity already and failed to

6

produce that evidence. Plaintiff is entitled to summary judgment as a matter of law on the undisputed facts.

**II. Plaintiff's Actual Fraud Claim is Supported by the Factual Record**

An actual fraud claim under § 548(a)(1)(A) encompasses transfers made by the debtor within two years of filing their bankruptcy "with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation incurred, indebted . . . ." 11 U.S.C § 548(a)(1)(A). Actual fraud may be shown by the so-called "badges" of fraud found in the Uniform Fraudulent Transfer Act ("UFTA"), codified at Iowa Code § 684.4.2.

Courts are divided in their analyses of the badges of fraud for a finding of actual fraud. Some break the badges into different categories, finding some categories more indicative of intent than others. Carbone, 615 B.R. at 79. The existence of even one badge can be sufficient to find actual fraud. Id. at 80 (citing In re Cook, 126 B.R. 261, 269 (Bankr. E.D. Tex. 1991)). And "[t]he accumulation of several factors can lead inescapably to the conclusion that the debtor possessed a requisite intent." Id. (quoting In re Penner, 107 B.R. 171, 176 (Bankr. N.D. Ind. 1989)).

Here, Plaintiff argues that four badges of fraud are present: (1) a transfer to an insider; (2) debtor insolvency at the time of transfer; (3) insufficient

7

consideration at the time of transfer; and (4) a concealed transfer. Iowa Code § 624.4.2(a), (c), (h), and (i). Defendants have not even disputed the first two badges. (ECF Docs. 1, 4). The undisputed facts support the existence of the third and fourth badges as well.

Defendants do not dispute that the deed was transferred for a mere ten dollars. They only argue that, as a matter of law, no equivalent value was to be exchanged as between spouses and there was no diminution in value to the property. The UFTA makes no distinction for insufficient consideration for transfers made between a debtor and their spouse and a debtor and any other individual. See Iowa Code § 684.4.2(h). Courts have consistently found that the existence of a family relationship and the lack (or inadequacy) of consideration weighs strongly in favor of a finding of fraud. In re Gipe, 157 B.R. 171, 177 (Bankr. M.D. Fla. 1993). The Court thus finds the third badge of fraud alleged here is established.

The Court also further finds the fourth badge of fraud alleged here—the transfer between Defendants was concealed—is established by the record. Defendants assert that they did not attempt to conceal the transfer because it was made in the ordinary course of their business as spouses. Defendants provide no authority for this argument and the Court did not find any after a diligent inquiry. Additionally, "[i]t is well-established that '[t]he transfer of property by the debtor

8

to his spouse while insolvent, while retaining the use and enjoyment of the property, is a classic badge of fraud.'" In re Collins, 540 B.R. 54, 60 (Bankr. E.D.N.Y. 2015) (quoting Salomon v. Kaiser (In re Kaiser), 722 F.2d 1574, 1583 (2d Cir. 1983)).  Given the weight of the authority here, the Court finds that Debtor/Defendant's failure to list the deed transfer as a transfer made within two years of his bankruptcy petition satisfies the requirements for concealment.

In Carbone, the court found that a presumption of actual fraud arose with only two of the four badges present here: (1) a transfer between spouses; and (2) nominal consideration.  Here, there are four badges of fraud.  Those four badges of actual fraud are unrebutted by evidence from Defendants and establish actual fraud under the UFTA.

**III. Plaintiff's Constructive Fraud Claim is Established by the Record**

Plaintiff also has established that Defendants' conduct warrants a finding of constructive fraud.  Constructive fraud exists when a transfer is made by the debtor within two years of filing bankruptcy and the debtor "received less than a reasonably equivalent value in exchange for such transfer . . . ; and . . . was insolvent on the date that such transfer was made . . . ." 11 U.S.C. § 548(a)(1)(B)(i), (B)(ii)(I).

It is undisputed that Debtor/Defendant was insolvent on the date that the deed transfer occurred.  (ECF Docs. 1, 4).  The record also shows there was an

exchange for less than a reasonably equivalent value. Defendants' argument that no reasonably equivalent value needs to be exchanged between spouses on marital property has no support in the law. The UFTA makes no distinction between transfers to spouses and transfers to any other individual. The UFTA requires reasonably equivalent value to be exchanged in all circumstances and makes no exceptions for transfers between spouses. Iowa Code § 684.4.2(h). The Court finds the ten dollars exchanged for Debtor/Defendant's interest in the deed is insufficient as a matter of law. For all these reasons, Accordingly, the deed transfer between Defendants warrants a finding of constructive fraud under § 548(a)(1)(B) and is an additional ground supporting summary judgment.

For the foregoing reasons, the Court finds that Plaintiff's Motion for Summary Judgment should be granted, and Defendants' Motion for Summary Judgment should be denied.

## CONCLUSION

Plaintiff's Motion for Summary Judgment is therefore **GRANTED**. Defendants' Motion for Summary Judgment is therefore **DENIED**.

Dated and Entered:

October 20, 2022

THAD J. COLLINS,
CHIEF BANKRUPTCY JUDGE